UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


DARRIN SCHAUBHUT                                    CIVIL ACTION

VERSUS                                             NO. 08-4309

ST. JAMES PARISH SHERIFF'S                         SECTION "S" (2)
OFFICE ET AL.


**ORDER ON MOTIONS**

APPEARANCES:  None (on the briefs)

MOTIONS:        (1)   Plaintiff's Motion to Compel Deposition Testimony, Record
                      Doc. No. 63
                (2)   Plaintiff's Motion to Quash Subpoena Duces Tecum, Record
                      Doc. No. 67

O R D E R E D:

 (1) : DENIED. Federal common law applies to the assertion of the spousal testimonial
privilege in this case asserting claims pursuant to 42 U.S.C. § 1983.  Fed. R. Evid. 501.
This privilege has two components, including privileges protecting (a) one spouse from
being required to testify adversely to the other, and (b) a spouse from testifying as to inter-
spousal communications.  Cary v. Soileau, 125 F.R.D. 432, 434 (W.D. La. 1989).  As the
"witness spouse," Mrs. Cook, the deponent in this instance, is clearly the appropriate party
to assert either component of this privilege, and she "may be neither compelled to testify
nor foreclosed from testifying." Trammel v. United States, 100 S. Ct. 906, 914 (1980). The
Fifth Circuit and its district courts have recognized that this privilege arising from the
marital relationship applies in this civil matter with equal force as in any criminal matter.
See White v. Walker, 68 F.3d 472, 1995 WL 581987, *2 (5th Cir. 1995) (recognizing and
addressing assertion of spousal communication privilege in a Section 1983 case); Cary v.
Soileau, id. (same); Choice v. Graham, 2005 WL 1431689, *2 (E.D. La. 5/31/05) (Roby,
M.J.) (same in a civil trademark infringement and state tort law case).

        Mrs. Cook, who was not represented by counsel during the deposition, did not assert
the privilege in an overly broad way so as to stonewall the examination by plaintiff's
counsel. My review of the entirety of her deposition testimony, which includes her

answering most of the questions asked, leads me to conclude that she asserted the privilege in a good faith fashion. The questions asked by counsel to which she asserted the privilege were so broadly framed that they may easily be construed to seek testimony concerning both or either private marital communications and matters adverse to her husband. I find no waiver of the privilege in this instance.  On the contrary, Mrs. Cook's testimony from the beginning of the deposition to the end evidences every intent to preserve it, and the submissions of plaintiff arguing or suggesting to the contrary are unpersuasive.

Under these circumstances, I find no basis upon which to compel Mrs. Cook's further deposition testimony. I find not only that the privilege has been asserted appropriately, but also that further deposition examination concerning the tangentially relevant, highly personal matters about which plaintiff's counsel seeks to examine this non-party spousal witness, who has no personal knowledge of the specific occurrences upon which plaintiff's claims are based and asserts no claims of her own in this case, should be prohibited.  Fed. R. Civ. P. 26(c)(1).

 (2) :  GRANTED.  Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date.  No memorandum in opposition to plaintiff's Motion to Quash Subpoena Duces Tecum, Record Doc. No. 67, submitted for decision on April 27, 2011 without oral argument, has been timely submitted.  Accordingly, the motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit, **IT IS ORDERED** that the motion is GRANTED and this discovery subpoena is QUASHED as untimely for the following reasons.

In this instance, the subpoena seeks discovery of materials concerning an expert witness after the expiration of the court's discovery deadline.  Record Doc. No. 47.  A Rule 16 order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4) (emphasis added).  In determining "good cause" in connection with a Rule 16 scheduling order of the type that was entered in this case, the court must weigh the following factors:  (1) the explanation for the failure to comply, (2) the importance of the matters that are the subject of the order, (3) potential prejudice in allowing the requested action and (4) the availability of a continuance to cure such prejudice.  Nunez v. United States Postal Serv., 298 F. App'x 316, 319 (5th Cir. 2008) (district court did not abuse discretion in denying leave to designate experts beyond the scheduling order deadline); Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883-84 (5th Cir. 2004) (court did not abuse discretion in barring testimony of late-designated expert witness); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir. 1998) (district court did not abuse discretion in denying leave to designate expert and file expert report after deadline).

Weighing these factors in this case militates against a finding of "good cause" and in favor of quashing the subpoena.  No explanation for this untimely discovery has been offered.  The discovery appears unimportant in light of the court's disclosure requirements concerning expert witnesses and the ample opportunity for related discovery that has already been provided under the court's scheduling order.  Prejudice will result to plaintiff in his ability to address the pending motion concerning this witness, Record Doc. No. 73, and to otherwise prepare for trial if the discovery is permitted at this late date.  Whether another continuance might be justified to permit what appears to be tangentially relevant discovery appears doubtful in light of the fact that trial of this case has already been continued four (4) times, Record Doc. Nos. 20, 30, 34 and 47, but is a matter solely for the presiding district judge to decide. Under these circumstances, the motion is granted and the subpoena is quashed.

New Orleans, Louisiana, this _____27th_____ day of April, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

3