UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRIN SHAUBHUT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4309** |
| **ST. JAMES PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION: "S" (2)** |

### ORDER

**IT IS HEREBY ORDERED** that Plaintiff's Motion Objecting to Magistrate's Order and for Review by District Judge (Doc. #81) is **DENIED**.

Plaintiff seeks review of the United States Magistrate Judge's order denying his motion to compel the deposition of Melissa Cook (Doc. #78). Melissa Cook is married to defendant Shawn Cook. During her deposition, plaintiff's counsel asked her numerous questions regarding her husband's alleged affair with Amy Baranco, the state of her marriage, and what her husband told her about this case. After reviewing Melissa Cook's deposition, the magistrate judge held that she was entitled to assert the federal common law spousal privilege as to these questions that would require her to testify adversely about her husband or to testify as to interspousal communications. Rec. Doc. 78 (citing Cary v. Soileau, 125 F.R.D. 432, 434 (W.D.La. 1989); Trammel v. United States, 100 S.Ct. 906, 914 (1980); White v. Walker, 68 F.3d 472, 1995 WL 581987 (5th Cir. 1995). The magistrate judge also held that Melissa Cook did not waive her privilege.

An order issued by a magistrate judge concerning nondispositive pretrial matters is reviewed by the district court under the clearly erroneous standard. See Perales v. Sasilla, 950 F.2d 1066, 1070 (5th Cir. 1992); 28 U.S.C.A. § 636(b)(1)(A). The magistrate judge's decision that Melissa Cook appropriately asserted the spousal privilege, and that further deposition concerning tangentially relevant, highly personal matters from a person who is not a party and has no personal knowledge of the specific events upon which plaintiff's claims are based is not clearly erroneous.

New Orleans, Louisiana, this   1st   day of June, 2011.


                    **MARY ANN VIAL LEMMON**
                    **UNITED STATES DISTRICT JUDGE**